UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ANTHONY BALDWIN, JR., )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:18-CV-420 RLM<br>(Arising out of 3:17-CR-70 RLM) |

OPINION and ORDER

John Baldwin, Jr. was selling methamphetamine out of a motel room, with two loaded firearms. He pleaded guilty to possession of firearms in furtherance of a drug trafficking crime and unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 924(c) and 922(g)(1) 2113(d), and was sentenced to an aggregate term of imprisonment of 117 months. Mr. Baldwin filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255, contending that he "could have gotten a better [plea] deal" and a lower sentence but for trial counsel's ineffective assistance. That motion and Mr. Baldwin's motions to appoint counsel, to amend his petition to add a new claim, and to compel production of various documents are before the court. For the reasons that follow, the court denies those motions.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings. The court has reviewed Mr. Baldwin's motion and supporting memorandum and finds that his arguments, while adequately presented, aren't supported by the facts or the law in this case and can be resolved without a hearing. *See* Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). Appointment of counsel isn't required under Rule 8(c) of the Rules Governing Section 2255 Proceedings or warranted in the interest of justice under 18 U.S.C. § 3006A(2)(B). *See* Rauter v. United States, 871 F.2d 693, 695-696 (7th Cir. 1989).

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Judicial scrutiny of an attorney's performance is "highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional judgment." Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). To overcome that presumption, Mr. Baldwin must show that counsel's representation was so deficient that it "fell below an objective standard of reasonableness," and that it prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006); United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir. 1996). He hasn't done that.

Mr. Baldwin contends that trial counsel was ineffective because he: (1) failed to move to suppress evidence obtained from the warrantless search of his truck, (2) advised him to plead to possession of a firearm in furtherance of a drug trafficking crime (Count 1), without requiring the Government prove the underlying drug trafficking offense beyond a reasonable doubt (Count 2, which was dismissed at sentencing per the plea agreement), and (3) failed to object at sentencing to the assessment of two criminal history points for his 2008 conviction and sentence for driving on a suspended license, which resulted in a sentence of 11 months and 29 days.

### A. *Failure to File Motion to Suppress*

"When a claim of ineffective assistance is premised on an attorney's failure to file a motion to suppress, the defendant must prove that the motion would have

3

been meritorious," and that he wouldn't have been convicted but for counsel's error. United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir.2005)). The defendant bears the burden of establishing that the search was illegal. Rawlings v.. Kentucky, 448 U.S. 98, 104 (1980); United States v. Longmire, 761 F.2d 411, 417 (7th Cir.1985).

Mr. Baldwin contends that officers didn't have a warrant when they "unlawfully searched" his vehicle (a white pickup truck, that had been reported stolen and had plates that were registered to another vehicle), that he asked Mr. Boyles to file a motion to suppress the gun and drugs found in the truck, but he didn't comply, and that, "[w]ithout said physical evidence (in the event it was excluded) petitioner could have negotiated a much more beneficial contract with the Government, should he had chosen to do so." [Doc. No. 35 at p. 1].

To prevail on his ineffective assistance claim, Mr. Baldwin must show that a motion to suppress would have been granted. United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005). He hasn't done that. Mr. Baldwin doesn't dispute that the truck was stolen, and he doesn't have standing to challenge the search of a stolen truck. *See* Byrd v. United States, 138 S.Ct. 1518, 1529 (May 14, 2018). A motion to suppress would have been futile under the circumstances, and Mr. Boyles had "no duty to make a frivolous argument." Unites States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003), *overruled on other grounds by* Lockhart v. United States, 136 S.Ct. 958 (2016); United States v. Hanley, 906 F.2d 1116, 1121 (6th

Cir. 1990) (holding that a defendant can't establish ineffective assistance if counsel decided "not to pursue suppression motions that would have likely been futile").

The documents Mr. Baldwin seeks in his discovery request (notes taken by his attorney between October and December 2017 and logs, photographs, audio/video recordings and police reports made before, during, and/or after the search) can't cure the legal deficiencies in his argument, so the court denies the request [Doc. No. 43]. *See* Bracy v. Gramley, 520 U.S. 899, 904, 908-909 (1997) (habeas petitioners "not entitled to discovery as a matter of ordinary course" and must show good cause – specific allegations which give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief."); Matta-Ballesteros v. Henman, 896 F.2d 255, 259 (7th Cir. 1990) ("Good cause cannot exist where the facts alleged do not provide a basis for relief."); Rule 6(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("A judge may, for good cause, authorize a party to conduct discovery under the Federal rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.").

The court also denies Mr. Baldwin's motion to amend his petition to add a new claim challenging the search of his motel room and Mr. Boyles's failure to file a motion to suppress evidence recovered from his room [Doc. No. 56]. Fed. R. Civ. P. 15(a) provides that leave to amend should be granted freely, but only "when

5

justice so requires". "Justice generally does not requires such leave if a movant demonstrates 'undue delay, bad faith, or dilatory motive.'" Vitrano v. United States, 643 F.3d 229, (7th Cir. 2011) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 449 F.3d 663, 666 (7th Cir. 2007); *see also* Rutlege v. United States, 230 F.3d 1041, 1051 (7th Cir. 2000) ("A district court can refuse to let the defendant amend the petition for reasons such as delay.").

Mr. Baldwin challenged the protective sweep of his motel room and Mr. Boyles's failure to move to suppress evidence taken from the room for the first time in his motion to amend, after the Government filed its response to his original motion challenging the search of the truck. The motion to amend was filed more than one year after the judgment became final, asserts new facts and new arguments that weren't raised in his original motion, so doesn't relate back to the original filing date, and so would be untimely. *See* 28 U.S.C. § 2255(f)(1).

Even if the motion to amend was timely, the arguments raised aren't supported by the facts or the law, rendering the proposed amendment futile. *See* Vitrano v. United States, 721 F.3d 802 (7th Cir. 2013) (finding no abuse of discretion in denying motion to amend that is untimely or futile).

Warrantless searches are generally unreasonable under the Fourth Amendment unless the search falls within an established exception to the search warrant requirement. Mr. Baldwin and the Government both characterized the police officers' entry into Mr. Baldwin's motel room as a protective sweep incident

to arrest, which is one of the established exceptions to the warrant requirement. Chimel v. California, 395 U.S. 752 (1969). The Supreme Court expanded the scope of a search incident to arrest in Maryland v. Buie, 494 U.S. 325 (1990), holding that:

> The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene.

Id. at 337.

Mr. Baldwin argues that the protective sweep of his motel room was unlawful because he was arrested outside of the room, but a protective sweep can be valid even where the arrest occurs outside the area searched, when the officers knew the individual involved had weapons or had reason to believe other people were present who might pose a danger to the police officers, provided it is short, cursory, and limited to only those places that a person might be hiding. *See* Maryland v. Buie, 494 U.S. at 327, 335-36; United States v. Henderson, 748 F.3d 788 (7th Cir. 2014); United States v. Starnes, 741 F.3d 804 (7th Cir. 2013); United States v. Tapia, 610 F.3d 505 (7th Cir. 2010); United States v. Burrows, 48 F.3d 1011 (7th Cir.1995); United States v. Barker, 27 F.3d 1287 (7th Cir.1994); United States v. Arch, 7 F.3d 1300, 1303 (7th Cir. 1993). The defendant bears the burden to establish that the search was illegal, Rawlings v. Kentucky, 448 U.S. 98, 104

(1980); <u>United States v. Longmire</u>, 761 F.2d 411, 417 (7th Cir. 1985), and Mr. Baldwin hasn't met that burden.

The case's undisputed facts in this case show that the officers had received a tip from a confidential informant that a black male known as "JJ" was distributing narcotics from a specific room at a motel in South Bend, that "JJ" was from Tennessee, had an active warrant for his arrest, and was driving a white pickup truck. When officers arrived at the motel to conduct a "knock and talk", they saw a white pickup truck with Tennessee license plates parked in front of Mr. Baldwin's motel room. They knocked on the door and when Mr. Baldwin answered, they saw what they believed to be drugs on the bedside table in the room, substantiating the tip they'd received from the confidential informant. After the officers detained Mr. Baldwin and patted him down for weapons, Mr. Baldwin told them there was a firearm in the room. Uncertain of whether anyone else was in the room that might have access to the firearm and pose a threat to the officers on the scene, they entered the motel room to conduct a protective sweep, and exited without disturbing any items. Those facts and the reasonable inferences that can be drawn from those facts justified the protective sweep, and no evidence suggests that the officers spent any more time than was necessary to find out whether someone with access to a gun was hiding in the room before leaving and obtaining a search warrant for the premises.

The arguments made in Mr. Baldwin's amended motion are not only untimely, but futile, and Mr. Boyles can't be faulted for failing to file a motion to suppress based on those arguments.

### B. *Advice Relating to Guilty Plea on Count 1*

Mr. Baldwin next contends that Mr. Boyles provided ineffective assistance of counsel when he advised Mr. Baldwin to plead guilty to possession of a firearm in furtherance of a drug trafficking crime (Count 1), without requiring the Government prove the underlying drug trafficking offense charged in Count 2 beyond a reasonable doubt. But Count 2 was dismissed at sentencing as part of the plea agreement, so the government wasn't required to submit evidence or prove its case as to that charge beyond a reasonable doubt. Mr. Baldwin was advised of each element of the offense charged in Count 1 during the change of plea hearing and provided a factual basis for his guilty plea in his signed plea agreement and during the hearing. Nothing more was required. *See* United States v. Warneke, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."). The record clearly shows that Mr. Baldwin knowingly and voluntarily entered into the plea, and the court has no reason to doubt that the statements he made in the plea agreement and testimony during the plea hearing were credible.

### C. *Failure to Object to Criminal History Calculation*

Mr. Baldwin argues that he would have gotten a lower sentence but for his attorney's ineffective assistance in failing to object to the number of criminal history points assessed for his 2008 sentence for driving on a suspended license. Neither the facts nor the law support Mr. Baldwin's assertion that he should have only received one criminal history point for his prior conviction for driving on a suspended license. Under U.S.S.G §§ 4A1.2(c)(1) and 4A1.1(b), "sentences for driving without a license or with a revoked or suspended license" are counted in computing criminal history if "the sentence was … a term of imprisonment of at least thirty days", and two points are added "for each prior sentence of imprisonment of at least sixty days." The record shows that in 2008 Mr. Baldwin received a sentence of 11 months and 29 days custody for driving with a suspended license, and he has presented nothing to the contrary. The objection Mr. Baldwin proposes would have been futile and, as previously noted, Mr. Boyles had "no duty to make a frivolous argument," Unites States v. Rezin, 322 F.3d at 446.

Mr. Baldwin hasn't shown that his attorney's performance was deficient or objectively unreasonable, or that counsel's performance prejudiced his defense. To show prejudice, Mr. Baldwin mist show that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694;

Jones v. Page, 76 F.3d at 840. He hasn't met that burden. Mr. Baldwin hasn't identified evidence that would have created a reasonable probability of a different outcome, or outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable.

For the foregoing reasons, Mr. Baldwin's motion to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 [Doc. No. 35] is DENIED, as are his motions for discovery [Doc. No. 43], to appoint counsel [Doc. No. 47], to amend his petition [Doc. No. 56], and to extend the time to file a reply brief [Doc. No. 57].[1]

SO ORDERED.

ENTERED:  October 9, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: J. Baldwin
   AUSA M. Donnelly

---

[1] Mr. Baldwin filed his reply brief [Doc. No. 58] shortly after requesting an extension of time to do, rending the motion for extension of time moot.